UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARJORIE EDITH WHEATLEY,

                Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

CASE NO. C15-0059-MAT

ORDER RE: MOTION FOR EQUAL ACCESS TO JUSTICE ACT FEES

## INTRODUCTION

Plaintiff filed a motion for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Dkt. 26.) She seeks $18,957.02 in fees, $109.63 in expenses, and $631.19 in costs, for a total of $19,697.84.[1] The Commissioner does not oppose the request for costs, but argues plaintiff is not entitled to EAJA fees because the government was substantially justified. (Dkt. 27.) The Court, for the reasons set forth below, concludes plaintiff's

---

[1] This amount includes the $17,166.23 in fees originally sought and an additional $1,790.79 in fees for 9.1 hours spent preparing the reply in support of the motion, and corrects a mathematical error in plaintiff's calculation. (*See* Dkt. 28 at 9-10 (requesting $18,957.01 in fees).)

ORDER
PAGE - 1

motion for costs should be GRANTED and her motion for EAJA fees should be DENIED.

## DISCUSSION

Under EAJA, a court[2] awards fees and expenses to a prevailing party in a suit against the government unless it concludes the position of the government was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). This Court affirmed the ALJ's decision (Dkt. 17), and the Ninth Circuit reversed and remanded for further administrative proceedings (Dkt. 23). Having secured a remand, plaintiff is the prevailing party. *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Nor are there any special circumstances that would make an award unjust. The Court herein addresses substantial justification.

The Commissioner's position is deemed substantially justified if it meets the traditional standard of reasonableness, meaning it is "justified in substance or in the main, or to a degree that could satisfy a reasonable person." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (quoted sources and internal quotations omitted). While the government's position need not be correct, it must have "'reasonable basis in law and fact.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). "'The government bears the burden of demonstrating substantial justification.'" *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (quoting *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005)). The decision to grant or deny EAJA fees lies within the discretion of the Court. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995).

In considering substantial justification, the Court first considers the underlying agency

---

[2] Plaintiff could have also filed this motion in the Ninth Circuit, because that court may "hear requests for EAJA fees and expenses in the first instance." *Orn v. Astrue*, 511 F.3d 1217, 1217-20 (9th Cir. 2008) ("The most obvious reading of EAJA is that a court of appeals may make an award of attorney's fees and costs."; finding that reading of EAJA consistent with Ninth Circuit Rules (citing 9th Cir. R. 39-1.6, 39-1.8, and 39-1.9)).

ORDER
PAGE - 2

action, meaning the decision of the ALJ, and then considers the government's litigation position. *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013). A "'holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified.'" *Id.* (quoting *Thangaraja*, 428 F.3d at 874). Indeed, only in a "'decidedly unusual case'" will there be "substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Thangaraja*, 428 F.3d at 874 (quoted case omitted).

Where the government's underlying position was not substantially justified, the Court "need not address whether the government's litigation position was justified." *Meier*, 727 F.3d at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008)). In that situation, fees are awarded even if the litigation position of the government may have been justified. *Tobeler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014). In considering substantial justification, the Court looks only to whether the "'position on the . . . issues that led to remand was not substantially justified.'" *Id.* at 834-35 (quoting *Flores*, 49 F.3d at 564). *Accord Gardner v. Berryhill*, 856 F.3d 652, 656-57 (9th Cir. 2017)).

In this case, the Ninth Circuit found the ALJ erred in failing to provide specific and legitimate reasons for assigning little weight to the opinion of examining rheumatologist Dr. Steven Overman, and erred in giving little weight to the lay testimony of plaintiff's husband, Art Wheatley. (Dkt. 23.) The Ninth Circuit otherwise affirmed the decision of this Court and, upon concluding it was not clear benefits were warranted, remanded for further proceedings.

The Commissioner opposes the request for EAJA fees, maintaining substantial justification. "The government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988) (citing *Petition*

*of Hill*, 775 F.2d 1037, 1042 (9th Cir. 1985)). The Court here concludes that, despite the errors, both the ALJ's decision and the Commissioner's litigation position were substantially justified. *See Campbell v. Astrue*, 736 F.3d 867, 869 (9th Cir. 2013) ("[T]his circuit has never stated that *every* time this court reverses and remands the ALJ's decision for lack of substantial evidence the claimant should be awarded attorney's fees."). *See also Flores*, 49 F.3d at 567 (while the EAJA creates a presumption fees will be awarded to a prevailing party, an award of fees is not mandatory).

A.  Dr. Overman's Opinion

Dr. Overman opined: "Due to the combined effects of her postsurgical changes of her hands and arms, active inflammatory disease, severe depression, and her osteoarthritic change in her right knee, [plaintiff] is not a candidate for any type of gainful employment at this time." (Administrative Record (AR) 415.) The ALJ assigned this 2013 opinion little weight because Dr. Overman appeared to rely solely on plaintiff's subjective complaints, rather than his own examination, which revealed some tenderness in plaintiff's hands, shoulder, ankles, and knees, but normal range of motion in the hips. (AR 22.) The ALJ found no other physical findings noted and no evidence of any loss of sensation, reflexes, or strength. The ALJ also found plaintiff's report of "'limitation in nineteen out of twenty activities of daily living'" inconsistent with reports she made elsewhere in the record, including her 2012 report she was able to watch her ten-month-old grandson, do housework, and complete activities of self-care independently and in a timely manner. (*Id*. (citing AR 292-93).)

This Court found the ALJ overstated Dr. Overman's reliance on subjective reporting, but deemed the error harmless. (Dkt. 17.) The Court concluded the ALJ rationally interpreted the opinion as relying in large part on plaintiff's subjective reporting and accounted for plaintiff's

ORDER
PAGE - 4

shoulder and knee problems by including relevant limitations in the RFC. The Court also found a rational perception of inconsistency in plaintiff's reporting.

The Ninth Circuit reversed, concluding: "Because Dr. Overman examined plaintiff and administered an ultrasound test, he did not rely 'solely' on Wheatley's subjective complaints to support his functional assessments, diagnoses and other findings, so the ALJ's characterization of the extent of his reliance is error." (Dkt. 23 at 2.) It was not clear if Dr. Overman's opinion regarding limitations in nineteen out of twenty activities of daily living came from plaintiff's report, as the ALJ found, or whether Dr. Overman came to this conclusion on his own. The Ninth Circuit found further error in the ALJ's assumption the activities of daily living conflicted with plaintiff's self-reports given that Dr. Overman did not specify the particular activities at issue.

It would not be reasonable to suggest Dr. Overman did not consider his findings on examination or testing. However, an ALJ may conclude a physician relied to a large extent on the subjective reporting of a claimant whose testimony the ALJ properly discredited. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ is responsible for resolving conflicts and ambiguities in the evidence, *see Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014), and that resolution must be upheld where the evidence provides reasonable support and is rationally interpreted, *see Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), and *Morgan v. Commissioner of the SSA*, 169 F.3d 595, 599 (9th Cir. 1999). An error "'inconsequential to the ultimate nondisability determination" may be deemed harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (the court looks to "the record as a whole to determine whether the error alters the outcome of the case.")

In this case, there was a reasonable basis in both law and fact for the ALJ to construe Dr. Overman's report as lacking objective findings sufficient to support an opinion plaintiff was

1 incapable of employment, and as reflecting significant reliance on plaintiff's responses to a comprehensive questionnaire. (AR 413-15 (reflecting Dr. Overman's review of pertinent issues in the questionnaire; finding tenderness and swelling in the peripheral joints, tenderness and restriction in right shoulder, tenderness and fullness in knees, and mild swelling and tenderness in ankles, and including an ultrasound assessment of large subdeltoid bursitis and bursal fusion, mild supraspinatus change with possible tear, and mild degenerative change).)[3] As the Ninth Circuit found, it was not clear whether the limitations in nineteen out of twenty activities of daily living came from plaintiff's reporting or Dr. Overman. (AR 413-14.) The Commissioner unsuccessfully, but reasonably defended the ALJ's interpretation.

Also, while assigning little weight to the opinion regarding employment, the ALJ included limitations in the RFC relevant to Dr. Overman's objective findings. Plaintiff was found capable of only sedentary work, with additional limitations to the use of her right upper and left lower extremities, in relation to mobility and environmental conditions, and in the preclusion of fast-paced work. (AR 20.) This fact provides additional support for the ALJ's decision and the Commissioner's defense. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ need not provide reason for rejecting physician's opinions where ALJ incorporated opinions into RFC; ALJ incorporated opinions by assessing RFC limitations "entirely consistent" with limitations assessed by physician), and *Molina*, 674 F.3d at 1115-22 (inconsequential error may be deemed harmless).

---

[3] The Commissioner also argues the ALJ's finding had a reasonable basis in law because an opinion a claimant is "disabled" or "unable to work" is not a medical opinion entitled to any special significance. 20 C.F.R. § 404.1527(d)(1), (3). However, the ALJ never offered this observation as a basis for rejecting Dr. Overman's opinion. *See Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (court reviews ALJ's decision "based on the reasoning and factual findings offered by the ALJ – not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

ORDER
PAGE - 6

As the Ninth Circuit found, the report from Dr. Overman does not specify the twenty activities of daily living at issue. However, in contrast to the identification of limitations in all but one of twenty unspecified activities, evidence elsewhere in the record could reasonably be said to reflect an absence of significant limitation in ordinary daily activities and beyond. (AR 21-22 (on her function report, plaintiff indicated she could prepare simple meals, go shopping, drive a car, do household chores, including riding a lawn mower; in a consultative examination, she reported she was caring for her infant grandchild, independent in self-care, and able to use a computer to play games and go on Facebook).) Such inconsistency can serve as an appropriate basis for rejecting a physician's opinion. *Tommasetti* 533 F.3d at 1041; *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). *See also Morgan*, 169 F.3d at 601 (physician's opinion properly rejected where unreasonable in light of other evidence in the record).

This Court previously found a reasonable basis for the rejection of Dr. Overman's opinion. While this alone would not warrant a denial of fees, it is properly considered in addressing substantial justification. *Meier v. Colvin*, 727 F.3d 867, 873 (9th Cir. 2013) (court may consider the Commissioner's success at the district court level); *Lewis*, 281 F.3d at 1084 (same). *See also Burke v. Colvin*, No. C13-05548-BHS, 2016 U.S. Dist. LEXIS 142839 at *4 (W.D. Wash. Sep. 20, 2016) ("If disagreement among reviewing courts regarding the weight of the evidence in the record is insufficient to support a finding of a substantially justified defense, then it seems that there could never be substantial justification for a defense of any error requiring remand."), *aff'd sub nom*. *Burke v. Berryhill*, No. 16-35764, 2018 U.S. App. LEXIS 5777 at *1-2 (9th Cir. Mar. 7, 2018) ("The district court did not improperly reconsider the merits of Burke's disability claim. It properly focused on the nature and scope of our remand to determine whether both the government's litigation position and ALJ's position had a reasonable basis in fact and law.")

Although ultimately not persuasive, the Court finds both the ALJ's decision and the Commissioner's litigation position "justified to the degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565.

B.    <u>Lay Testimony</u>

The ALJ stated that, with the testimony of a non-medical source, it was appropriate to consider such factors as the nature and extent of the relationship between a lay witness and the claimant, whether the evidence was consistent with other evidence in the record, and any other factors tending to support or refute the evidence. (AR 23 (citing Social Security Ruling 06-3p).) The ALJ described Mr. Wheatley as testifying plaintiff "is unable to do anything around the house and that she is unable to drive herself." (AR 23-24.) While considering the statements of Mr. Wheatley, the ALJ gave them little weight "as he appears to rely on the subjective complaints of the claimant, who has presented with credibility issues[.]" (AR 24.) Previously, in rejecting plaintiff's testimony, the ALJ found the longitudinal medical record did not support the alleged extent of her limitations and reflected stability and improvement with treatment; noted her failure to follow through with recommended and prescribed treatment; found inconsistency between her allegations and her activities of daily living; and considered that plaintiff had alleged the ability to work in order to receive unemployment benefits during the same period of time she was alleging to the Social Security Administration that she was disabled and unable to work. (AR 21-22.)

This Court found the ALJ's interpretation of Mr. Wheatley's testimony rational. The Ninth Circuit found error because Mr. Wheatley based his testimony on his own observations, rather than plaintiff's subjective complaints. (Dkt. 23 at 3.) The Court herein concludes the fact that Mr. Wheatley offered his own observations does not preclude the reasonableness of a finding or argument of reliance on plaintiff's discredited subjective complaints.

ORDER
PAGE - 8

An ALJ must provide germane reasons for rejecting lay testimony. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996). Where the ALJ provides sufficient reasons for rejecting a claimant's subjective complaints and a lay witness offers testimony similar to such complaints, "it follows that the ALJ also gave germane reasons for rejecting her testimony." *Valentine v. Comm'r SSA*, 574 F.3d 685, 693-94 (9th Cir. 2009). An ALJ may, for example, reject testimony based on inconsistency with evidence of a claimant's activities or reports. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

In this case, both the ALJ's decision and the Commissioner's litigation position had a reasonable basis in the law as described above and in fact. For example, Mr. Wheatley testified that, prior to beginning a job in October 2011, he stayed home with plaintiff, who at that time could not cook, clean, do laundry, or even make or hold a cup of coffee. (AR 56-58.) Yet, plaintiff testified she was collecting unemployment and continuing to apply for jobs through May 2012. (AR 36-37.) In April 2012, plaintiff reported she was looking for work, spent her days watching television and doing household tasks, such as cleaning and cooking light meals, cared for her ten-month-old grandson one day a week, and spent time on a computer looking at Facebook, playing games, and applying for jobs. (AR 291-93.) The ALJ had considered this evidence in rejecting plaintiff's symptom testimony (AR 21-22), and was not required to clearly link the inconsistent or contradictory evidence with the lay testimony determination, *Lewis*, 236 F.3d at 512 ("In all, the ALJ at least noted arguably germane reasons for dismissing the family members' testimony, even if he did not clearly link his determination to those reasons.")

The Commissioner also argued a limitation on Mr. Wheatley's ability to observe plaintiff's daily activities after October 2011. While not sufficient to overcome the ALJ's error, this argument was likewise reasonable in both law and fact. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th

Cir. 1993) (allowing for consideration of a lay witness's opportunity to observe a claimant and for rejection of testimony based on a perception the witness is "merely repeating" a claimant's complaints, so long as the ALJ provides reasoning germane to each witness); (AR 56-58 (Mr. Wheatley's work schedule kept him out of the house five days a week, from 5:30 a.m. through 5:00 p.m.)) For this reason, and for the reasons stated above, the Court finds both the underlying and litigation positions of the Commissioner substantially justified.[4]

## CONCLUSION

Plaintiff's motion (Dkt. 26) is GRANTED in part and DENIED in part. Because the Commissioner establishes substantial justification, plaintiff is not entitled to EAJA fees. Plaintiff is entitled to costs pursuant to 28 U.S.C. § 1920, and is hereby awarded the $631.19 in costs requested. The Clerk shall send copies of this Order to the parties.

DATED this 14th day of May, 2018.

Mary Alice Theiler
United States Magistrate Judge

---

[4] While the ALJ described Mr. Wheatley as testifying plaintiff is "unable to drive herself," Mr. Wheatley testified plaintiff could only drive short distances to doctor's appointments and that he drove "95 percent of the time." (AR 24, 61-62.) The Court nonetheless finds both the ALJ's decision to assign limited weight to the testimony of Mr. Wheatley and the Commissioner's defense of that decision substantially justified for the reasons discussed above.